```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


IN RE CROMPTON CORP.          :    3:03-CV-1293 (EBB)
SECURITIES LITIGATION         :    ALL CASES
                              :
```

RULING ON CROMPTON, CALARCO AND BARNA'S MOTION FOR A PROTECTIVE
     ORDER TO STAY DISCOVERY IN <u>FINA V. CALARCO, ET AL.</u>

Defendants Crompton Corporation, Vincent Calarco and Peter Barna ("the Defendants") have moved the Court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") to enter a stay of discovery in a related state court action, <u>Fina v. Calarco</u>, et al., No. X01 CV-03-0180263 S (CLD), a shareholder derivative action filed in Connecticut Superior Court, pending this Court's decision on the Motion to Dismiss in this action. The state action Plaintiff Fina has moved this court to intervene for the limited purpose of objecting to Defendants' motion to stay discovery. Fina's Motion to Intervene [Doc. No. 93] was granted. <u>See</u> Doc. No. 102. For the reasons set out below, the Defendant's Motion for a Protective Order to Stay Discovery [Doc. No. 87] is now GRANTED.

Background

In October of 2002, Crompton Corporation announced it was under criminal investigation by the United States Department of Justice ("DOJ") for alleged criminal antitrust violations. On March 15, 2004, Crompton announced that it had pleaded guilty to

a one-count conspiracy related to price fixing in the rubber chemicals industry. Several class action suits were filed against the corporation, its officers, and related parties. These actions were consolidated before this Court, and Plaintiffs filed an amended consolidated complaint on July 20, 2004. Defendants filed a motion to dismiss the complaint [Doc. No. 54] on September 17, 2004.

Applicable Law

Congress passed the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737 (1995), (codified in part at 15 U.S.C. §§ 77z-1, 78u, and 78u-4), in order to combat abuses in private securities lawsuits, amending the Securities Act of 1933 and the Securities Exchange Act of 1934. See H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 731, 104th Cong., 1st Sess. 1995.[1] The PSLRA sought to curb such abuses by providing for uniform standards in class actions and other suits alleging securities fraud. See id. The amendments to the 1933 and 1934 Acts provided for an automatic stay of discovery in any federal securities class action while a motion to dismiss is pending unless exceptional circumstances exist where specific discovery is necessary to preserve evidence or prevent undue

---

[1] Congress sought to curb the practice whereby "professional plaintiffs" owning nominal shares in many public companies raced to the courthouse to file abusive "fishing expedition" lawsuits. See H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 736.

2

prejudice to a party.  15 U.S.C. § 78u-4(b)(3)(B).[2]  However, by 1998 Congress found that the enactment of the PLSRA led to a shifting of securities class actions to State courts from Federal court, frustrating the purpose of the Act.  See H.R. CONF. REP. 105-803, 105th Cong., 2nd Sess. 1998, 1998 WL 703964, at *14 (noting that the level of class action securities fraud litigation had declined by approximately one-third in federal courts while there had been an almost equal increase in state court filings during the same period).  This increased state activity was an apparent effort to circumvent the federal discovery stay, heightened pleading requirements, and other provisions of the PSLRA.  Id.  Congress thus enacted SLUSA, Pub. L. 105-353, 112 Stat. 3227, to set national standards for securities class action lawsuits and close the "loopholes" in the PSLRA.  See also Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107 (2d Cir. 2001).  One provision of SLUSA, 15 U.S.C.

---

[2] 15 U.S.C. § 78u-4(b)(3)(B) provides as follows:
    (B) Stay of discovery.  In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.  15 U.S.C. § 78u-4(b)(3)(B).
    Discovery costs account for approximately 80% of the total litigation cost in most securities fraud cases, and the law thus sought to curb discovery that was little more than an attempt to unearth any shred of evidence upon which to hang a claim.  See H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 736.
    Courts have held that this provision also applies even where a motion to dismiss has not yet been filed but is anticipated.  See In re DPL Inc. Sec. Litig., 247 F. Supp. 2d 946, 947 (S.D. Ohio 2003) (citing In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 681 (D. Md. 2000)).

§ 78u-4(b)(3)(D), explicitly permits a Federal court to stay discovery in state court proceedings regardless of when the State court proceedings were brought, and regardless of whether a parallel action exists in Federal court.  See H.R. REP. 105-640, 105th Cong., 2nd Sess., 1998 WL 414917, at *17-*18.  It provides as follows:

> (D) Circumvention of stay of discovery
> Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u-4(b)(3)(D).

The accompanying House Report noted that "[b]ecause circumvention of the stay of discovery of the Reform Act is a key abuse that this legislation is designed to prevent, the Committee intends that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act."  H.R. REP. 105-640, at *18.

Section 78u-4(b)(3)(D) applies, by its plain language, to any private action in a State court.  See also Newby v. Enron, 338 F.3d 467, 473 (5th Cir. 2003) ("We see no reason why the discovery stay provision in § 78u-4(b)(3)(D) should not also

apply to stays of discovery in any private, class or nonclass, action in state court."); Schwartz v. TXU Corp., No. 3:02-CV-2243-K, 2004 WL 1732477, at *1 (N.D. Tex. 2004) ("This provision allows a district court to stay discovery in any related state court proceeding, whether the case is a class action or not.").

Analysis

    Defendants seek a stay of all discovery in the parallel state court derivative suit under § 78u-4(b)(3)(D), asserting that the discovery sought by the Fina Plaintiff targets the same underlying facts as this federal action, and that the Fina Plaintiff's pursuit of discovery in that state action is therefore no more than an attempt to circumvent the Congressionally mandated stay of discovery under the PSLRA in this action.[3] Defendants allege that over 100 paragraphs in the Fina complaint are nearly identical to the allegations in the federal consolidated complaint. See Defendant's Motion at 3-4, 7. Defendants further allege that Fina is a member of the putative class in this action, id. at 4, and that the Fina Plaintiff's counsel, Bruce Murphy, is also Plaintiff's counsel in this action. Defendants seek relief in this Court because the

---

[3] Defendants note additionally that allowing discovery in Fina would adversely impact ongoing criminal investigations of Crompton's alleged anti-competitive behavior. That issue is not dispositive here, and as Defendants have not provided this Court with enough information to decide the motion on that ground, that additional claim is not addressed here.

State court has instituted a scheduling order mandating Defendants comply with the Fina Plaintiff's discovery requests by July 30, 2005.[4]

The Fina Plaintiff asserts that a discovery stay in the state court action will unduly prejudice her interests where: 1) she has been litigating her claim in state court for over a year; 2) Defendants waited until her compliance was imminent to move for the stay of discovery; and 3) Attorney Bruce Murphy has withdrawn as Plaintiff's counsel in Fina, and the Fina Plaintiff has offered to enter into a confidentiality agreement to prevent the sharing of discovery between the state and federal Plaintiffs.

In enacting SLUSA, Congress sought to prevent the erosion of a federal district court's jurisdiction during the pendency of a motion to dismiss in a federal securities class action suit. While Plaintiff may be inconvenienced by a stay, prejudice is not a consideration under SLUSA; the only material issue is whether this Court finds a stay of the state court discovery would be necessary in aid of its jurisdiction or to protect or effectuate

---

[4] This Court believes that the state court may have been misinformed regarding the timing of the Motion to Dismiss filed in the federal action. The Fina Plaintiff alleges that on February 27, 2004, Judge Sheedy held a status conference with the state parties where, *inter alia*, the motions to dismiss in this case were discussed. The Fina Plaintiff further states that at a subsequent status conference held on September 20, 2004, Judge Sheedy was advised that the federal motion to dismiss had not yet been decided. However, the Motion to Dismiss in this federal action was not filed until September 17, 2004.

its judgments.  15 U.S.C. § 78u-4(b)(3)(D).  The dispositive question "is whether some form of relevant discovery is likely to reach the federal Plaintiffs during the pendency of a motion to dismiss in federal Court."  <u>In re Cardinal Health Inc. Sec. Litig.</u>, 365 F. Supp. 2d 866, 875 (S.D. Ohio 2005).  In <u>Cardinal Health</u>, the district court weighed three factors in determining whether a stay of state court discovery was necessary: 1) whether there is a risk of the Federal Plaintiffs obtaining State Plaintiff's discovery, and to what extent a confidentiality agreement could minimize that risk; 2) whether the State and Federal actions contain the same underlying facts and overlapping legal claims; and 3) the burden that the State court discovery will impose on Defendants.  365 F. Supp. 2d at 872-73.

Defendants need only show a likelihood that the federal Plaintiffs will obtain state Plaintiff's discovery.  Here, over 100 paragraphs in Fina's amended complaint are nearly identical to the allegations in the federal consolidated complaint. Although it appears from Fina's briefing that Attorney Murphy has withdrawn his representation, Fina is a putative class member in the federal action, and her receipt of discovery without a showing that it is necessary to preserve evidence or prevent undue prejudice violates the PSLRA.  Defendants would be extremely burdened if they had to produce virtually the same

7

discovery that has been stayed pending this Court's resolution of the motion to dismiss in this action prior to this Court's decision on that motion.  In seeking to curb abuses in securities class action litigation, Congress specifically sought to prevent "costly extensive discovery . . . until a court could determine whether a filed suit had merit."  Newby, 338 F.3d at 471.

Furthermore, the risk of inconsistent rulings between this Court and the state court would be high given the overlap between the state and federal complaints.  And finally, although Plaintiff alleges that she will be prejudiced by the one-sided discovery windfall in Defendants' favor, Plaintiff does not dispute that she mailed her discovery responses to Defendants 15 days after this motion for a stay of the state court discovery was filed.  In Schwartz, the federal district court stayed discovery in a parallel state court action even where the state court Plaintiffs were not necessarily putative Plaintiffs in the federal class action, finding that Congress intended SLUSA to be liberally construed to prevent circumvention of the discovery stay under the PSLRA.  2004 WL 1732477 at *2.  And, in Cardinal Health, the federal district court stayed discovery in the state derivative action even where there was no overlapping attorney representation between the state and federal courts and the parties had entered into a protective order which prohibited the

sharing of discovery between the state and federal Plaintiffs. 365 F. Supp. 2d at 875, n.11.

SLUSA grants this Court broad discretion to impose a discovery stay in the state court action. Allowing discovery to move forward in Fina would erode this Court's jurisdiction and run counter to Congressional intent that "courts assess the legal sufficiency of plaintiffs' securities fraud allegations according to what plaintiffs know at the time the complaint is filed, rather than what they wish to learn through discovery and recover from defendants merely by reason of commencing an action charging fraud."  In re LaBranche Sec. Litig., 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004).

It is hereby ORDERED that all discovery in Fina v. Calarco, et al., No. X01 CV-03-0180263 S (CLD), pending in the Connecticut Superior Court in Waterbury before the Honorable Judge Sheedy, is stayed until this Court has ruled upon the Motion to Dismiss pending before it in this action.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this \_\_\_\_ day of July, 2005.